IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RANDOLPH MICHAEL RABBE AND LISA ANN RABBE, | |
| Plaintiffs, | 8:17-CV-131 |
| vs. | ORDER |
| WELLS FARGO HOME MORTGAGE, INC. AND WELLS FARGO, N.A., | |
| Defendants. | |

This matter is before the Court on a "notice" filed by the plaintiffs that the Court understands to be a motion for relief from a final judgment pursuant to Fed. R. Civ. P. 60(b). Filing 27. The motion will be denied.

The plaintiffs expressly identify Rules 60(b)(2), (4), and (6) as the basis for their motion. Filing 27 at 1. To support it, they provide 43 pages of additional argument and over 100 pages of attached evidence. *See* filing 27. But the gravamen of their argument and evidence is that the Court committed legal error in granting the defendants' motion for judgment on the pleadings (filing 24) and dismissing the plaintiffs' complaint. Filing 25.

To begin with, a Rule 60(b)(2) motion based on the discovery of new evidence must show (1) that the evidence was discovered after the court's order, (2) that the movant exercised diligence to obtain the evidence before entry of the order, (3) that the evidence is not merely cumulative or impeaching, (4) that the evidence is material, and (5) that the evidence would probably have produced a different result. *Webb v. Exxon Mobil Corp.*, 856 F.3d 1150, 1159-60 (8th Cir. 2017). The plaintiffs have made none of those

showings. Many of the attachments to the plaintiffs' motion have already been presented to the Court in one form or another. The plaintiffs have done nothing to explain why any new evidence was not already presented. And the Court finds no basis to conclude that any new evidence would have any effect on the outcome of the proceeding.[1] Motions under Rule 60(b)(2) on the ground of newly discovered evidence are viewed with disfavor, *U.S. Xpress Enterprises, Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003), and there is no support for the plaintiffs' motion here.

The plaintiffs also suggest that the Court's judgment is void. Filing 27 at 2-4. But the basis for that suggestion seems to be that the Court "lost subject matter jurisdiction" by committing the legal errors the plaintiffs assert. *See* filing 27 at 42. And a Rule 60(b)(4) motion to void the judgment for lack of subject matter jurisdiction will succeed only if the absence of jurisdiction was so glaring as to constitute a total want of jurisdiction or a plain usurpation of power so as to render the judgment void from its inception. *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004).

Stated another way, such plain usurpation of power occurs when there is a total want of jurisdiction as distinguished from an error in the exercise of jurisdiction. *Id.* An error in interpreting jurisdiction or in assessing jurisdictional facts does not render the judgment a complete nullity or a plain usurpation of power for purposes of Rule 60(b)(4). *Id.* The plaintiffs seem to

---

[1] That is particularly true because much of the plaintiffs' focus is on the issues that they uniquely asserted in their purported *amended* complaint. *Compare* filing 23 *with* filing 27. But the plaintiffs have done nothing to demonstrate that the Court erred in striking their amended complaint because of their failure to comply with court rules. Filing 24 at 11. The plaintiffs go so far as to complain that the undersigned "never says on what legal basis he decided to strike it," filing 27 at 9, which obviously does not identify any error in the Court's clearly articulated basis for its ruling, filing 27 at 11.

be suggesting that the Court had jurisdiction, but somehow made a mistake and lost it along the way. They have identified no basis to find that the Court's judgment was void *ab initio*, as opposed to at most an erroneous interpretation or assessment of jurisdiction.

Finally, the plaintiffs also cite Rule 60(b)(6), which provides for relief from a judgment for "any other reason that justifies relief." But relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate its claim and have prevented it from receiving adequate redress. *Murphy v. Missouri Dep't of Corr.*, 506 F.3d 1111, 1117 (8th Cir. 2007); *see Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017). And Rule 60(b) is not a vehicle for simple reargument on the merits, *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999), nor is it a substitute for a timely appeal, *Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001). The plaintiffs' insistence that the Court erred in dismissing their complaint is not an extraordinary circumstance—it is, in fact, quite ordinary for the losing party to a lawsuit to believe that the Court got it wrong. It does not warrant relief under Rule 60(b)(6).

Accordingly, IT IS ORDERED that the plaintiffs' Rule 60(b) motion (filing 27) is denied.

Dated this 31st day of August, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge

- 3 -